IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIN SCHMURA, | ) | |
| | ) | Civil Action No.   2:20-cv-1578 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CATHOLIC DIOCESE OF | ) | |
| PITTSBURGH, SAINT BERNARD | ) | |
| CATHOLIC CHURCH, | ) | |
| ALBERT C. BOWERS, III, as an aider | ) | |
| and abettor, and DAVID BONNAR, | ) | |
| as an aider and abettor, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, ERIN SCHMURA, by and through her attorneys, LAW

OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI,

ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and files this Complaint in a Civil Action

as follows:

JURISDICTION AND VENUE

1.     This is an action to redress the deprivation by the Defendants of the Plaintiff's civil

rights, and in particular, the right to be free from illegal, invidious and damaging discrimination

and harassment in her employment on account of her sex, which right is guaranteed by the

Constitution of the United States and the laws and statutes enacted pursuant thereto, and in

particular, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. (as amended)

("Title VII"), the Civil Rights Act of 1991 (as amended), as well as pendent state law claims.

Declaratory relief is sought under, and by virtue of, Title 28 U.S.C. §§2201 and 2202.

2.      Jurisdiction of this Honorable Court is founded upon Title 28 U.S.C. §§ 1331 and 1343(3).

3.      Venue is proper under 28 U.S.C.A. § 1391(b).  All claims set forth herein arose in the Western District of Pennsylvania and the Plaintiff resides in the Western District of Pennsylvania.

4.      Plaintiff has satisfied all procedural and administrative requirements set forth in Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5, and in particular:

    a.    Plaintiff filed charges of discrimination and retaliation against each Defendant with the Equal Employment Opportunity Commission ("EEOC") on or about January 17, 2020 and said charges was cross-filed with the Pennsylvania Human Relations Commission ("PHRC");

    b.    The EEOC issued a Notice of Dismissal and the Right to Sue on or about August 11, 2020 and;

    c.    Plaintiff's Complaint is timely filed within 90 days of Plaintiff's receipt of the Notice of Dismissal and Right to Sue.

<u>PARTIES</u>

5.      Plaintiff, Erin Schmura, is an adult female individual residing in Allegheny County, Pennsylvania.

6.      Defendant, Catholic Diocese of Pittsburgh ("Diocese"), is a religious organization of catholic parishes and churches within Pittsburgh, Pennsylvania, including, but not limited to, Defendant Saint Bernard Catholic Church.  Defendant Diocese has an administrative office located at 111 Boulevard of the Allies, Pittsburgh, Pennsylvania 15222.

7.      At all times relevant hereto, Defendant Diocese was acting through its partners, directors, agents, subsidiaries, officers, employees and assigns, including, but not limited to Defendant

Saint Bernard Catholic Church, within the full scope of their respective agency, office, employment or assignment.

8.      Defendant, Saint Bernard Catholic Church ("Church"), is a religious organization, that is part of Defendant Diocese, with a registered address of 311 Washington Road, Pittsburgh, Pennsylvania 15228.

9.      At all times relevant hereto, Defendant Church was acting through its partners, directors, agents, subsidiaries, officers, employees and assigns, including, but not limited to, Defendant Albert C. Bowers, III and Defendant Bonnar, within the full scope of their respective agency, office, employment or assignment.

10.     Defendant, Albert C. Bowers, III ("Bowers"), an aider and abettor, is an adult male individual with a residence in Pennsylvania.  At all times relevant to this matter, Defendant Bowers was employed by Defendant Church as the music director and exercised the powers of his authority to discriminate against, sexually harass and retaliate against the Plaintiff.

11.     Defendant, David Bonnar ("Bonnar"), an aider and abettor, is an adult male individual with a residence in Pennsylvania.  At all times relevant to this matter, Defendant Bonnar was a pastor and administrator at Defendant Church and exercised the powers of his authority to aid in the discrimination of the Plaintiff and sexually hostile work environment, as described herein.

<u>FACTUAL ALLEGATIONS</u>

12.     Plaintiff was employed by Defendant Church from in or about 2012 as a cantor until her constructive discharge in or about June of 2019.

13.     In or about 2014, Defendant Bowers and the Plaintiff started a romantic relationship.

14.     At that time, and at all times relevant to this Complaint, Defendant Bowers was the music director for Defendant Church with supervisory authority over the Plaintiff.

15.     Defendant Bowers insisted that his romantic relationship with the Plaintiff not be disclosed to Defendant Diocese, Defendant Church or Defendant Bonnar.

16.     Throughout the course of the Plaintiff's romantic relationship with Defendant Bowers, Defendant Bowers was emotionally and psychologically abusive towards the Plaintiff and displayed a strong distrust in women.

17.     Defendant Bowers also continually pressured the Plaintiff to have sexual relations with him throughout their relationship, but the Plaintiff declined Defendant Bowers' repeated requests and expressed the importance of her faith and its role in her decision to abstain from sexual relations with him.

18.     On one occasion, Defendant Bowers arrived at the Plaintiff's residence while intoxicated. Although the Plaintiff repeatedly declined his requests to have sexual relations at that time and did not consent to any sexual activity, Defendant Bowers attempted to force his hands beneath the Plaintiff's underwear to touch her genitals.

19.     Ultimately, Plaintiff's romantic relationship with Defendant Bowers ended in or about 2015.

20.     After the end of the romantic relationship between the Plaintiff and Defendant Bowers, Defendant Bowers subjected the Plaintiff to a sexually hostile work environment and made frequent inappropriate comments to and about the Plaintiff.

21.     Defendant Bowers also began to treat the Plaintiff less favorably than the other cantors and regularly changed the schedule so that the Plaintiff would sing less frequently as a result of the Plaintiff denying Defendant Bowers' sexual advances and/or the termination of their romantic relationship.

4

22.     Plaintiff then informed Defendant Bowers that she was considering leaving her position with Defendant Church due to the sexually hostile work environment that was created by Defendant Bowers as a result of the Plaintiff denying Defendant Bowers' sexual advances and/or the termination of their romantic relationship.

23.     Defendant Bowers, however, forbade the Plaintiff to leave Defendant Church or to speak to Defendant Bonnar about the situation.  Defendant Bowers stated that if the Plaintiff left her position with Defendant Church, it would be "the ultimate shame" on him.

24.     In or about 2016, Plaintiff removed herself from singing at an event, the Marian Concert, in part due to the sexually hostile work environment that was created by Defendant Bowers.

25.     Plaintiff then reported the discrimination and retaliation by Defendant Bowers that she experienced to Defendant Church's pastor and administrator, Defendant Bonnar.

26.     Defendant Bonnar, as an administrator and pastor for Defendant Church and/or Defendant Diocese, possesses executive authority over Defendant Church.

27.     At that time, Defendant Bonnar expressed to the Plaintiff that he had witnessed Defendant Bowers treat the Plaintiff less favorably than other cantors.

28.     In or about January of 2018, at the Plaintiff's request, Defendant Bonnar accompanied the Plaintiff to a therapy session.

29.     At that time, the Plaintiff disclosed to Defendant Bonnar the many psychologically abusive aspects of her relationship with Defendant Bowers.

30.     In response, Defendant Bonnar acknowledge that discrimination and retaliation by Defendant Bowers had occurred at Defendant Church and expressed to the Plaintiff that a church employee should not exhibit the inappropriate behavior of Defendant Bowers.

31.     Despite Defendant Bonnar's actual knowledge of Defendant Bowers' inappropriate behavior and the sexually hostile work environment created by Defendant Bowers, Defendant Bonnar failed to take any action and the sexually hostile work environment continued as a direct and proximate result of that failure.

32.     In or about August of 2018, Plaintiff was forced to remove herself from singing at an event, the 100 Year Jubilee celebration, as a direct result of the sexually hostile work environment that was created by Defendant Bowers.

33.     In or about August of 2018, after Defendant Bonnar failed to take any action to address the sexually hostile work environment created by Defendant Bowers, Plaintiff wrote a formal complaint detailing the events of her relationship with Defendant Bowers and the sexually hostile work environment created by Defendant Bowers, as more fully described hereinbefore above.

34.     Defendant Church directed the Plaintiff's complaint to the legal office of Defendant Diocese and removed the Plaintiff from working directly with Defendant Bowers while his conduct was investigated.

35.     Although Defendant Diocese, Defendant Church and Defendant Bonnar were aware of the sexually hostile work environment created by Defendant Bowers, Defendant Diocese, Defendant Church and Defendant Bonnar in no way reprimanded Defendant Bowers, a male employee, for his inappropriate behavior.

36.     Furthermore, Defendant Diocese failed to respond to the Plaintiff's complaints of Defendant Bowers, as more fully described hereinbefore above.

37.     On or about December 7, 2018, Defendant Bonnar informed the Plaintiff that Defendant Church labeled the Plaintiff's complaints, as more fully described hereinbefore above, as a

"relationship matter" and closed its investigation of Defendant Bowers' conduct and sexual harassment.

38.     Thereafter, Plaintiff was again forced to work directly with Defendant Bowers and subjected to a sexually hostile work environment as a direct result of Defendant Diocese, Defendant Church and Defendant Bonnar's inaction.

39.     In response, approximately five (5) other members of Defendant Church reported Defendant Bower's conduct, as more fully described hereinbefore, and the inaction of Defendants Diocese and Church to Bishop David Zubik ("Zubik").

40.     Despite these reports, Defendant Diocese, Defendant Church and/or Bishop Zubik took no action to stop the sexually hostile work environment or to reprimand Defendant Bowers.

41.     In or about February of 2019, Defendant Bowers was promoted by Defendant Church and/or Defendant Diocese.

42.     Plaintiff made multiple attempts to speak with representatives of Defendant Diocese about Defendant Bowers and the sexually hostile work environment.

43.     On or about February 22, 2019, Plaintiff met with Defendant Diocese's victim's advocate, Rita Flaherty, and solicitor, Christopher Ponticello, and reported the sexually hostile work environment created by Defendant Bowers.

44.     Despite this report by the Plaintiff to representatives of Defendant Diocese, Defendant Diocese took no action to stop the sexually hostile work environment or to reprimand Defendant Bowers.

45.     In a letter dated May 31, 2019, Defendant Bowers threatened to take legal action against the Plaintiff in retaliation for her complaints against him, as more fully described hereinbefore above.

46.     In or about June of 2019, Plaintiff was constructively discharged from her position as cantor with Defendant Church as a direct result of the Defendants' unlawful actions and the sexually hostile work environment, as more fully described hereinbefore above.

47.     Plaintiff believes, and therefore avers, that she was treated less favorably than male employees, in that male employees of Defendant Church and/or Defendant Diocese were not subjected to a sexually hostile work environment.

48.     As a direct result of the sexually hostile work environment, Plaintiff has been adversely affected financially, professionally and emotionally.

49.     Defendants' unlawful actions, as more fully described hereinbefore above, have severely and adversely affected the Plaintiff's ability to practice her faith.

50.     Moreover, Defendants' actions, from in or about 2015 until the present, indicate a continuous course of discriminatory conduct towards female employees.

51.     Plaintiff believes, and therefore avers, that Defendants' conduct is part of a plan, pattern or practice of discrimination that may affect similarly situated individuals.

COUNT I:

PLAINTIFF v. DEFENDANTS DIOCESE AND CHURCH

<u>SEXUAL (GENDER) DISCRIMINATION</u>

52.     Plaintiff incorporates by reference Paragraphs 1 through 51 as though fully set forth at length herein.

53.     As described hereinbefore above, Plaintiff was subjected to discrimination based on her sex in that she was treated differently than male employees and subjected to a sexually hostile work environment.

54.     Although Plaintiff made multiple formal complaints to the Defendant Diocese, Defendant

Church and Defendant Bonnar of the sexual harassment and discriminatory actions, Defendant Diocese, Defendant Church and Defendant Bonnar failed to reprimand Defendant Bowers, a male employee, in any way for his behavior.

55.    Furthermore, Defendant Diocese, Defendant Church and Defendant Bonnar forced the Plaintiff to work with Defendant Bowers despite actual knowledge of the sexually hostile work environment created by him.

56.    As a direct result of the Defendants' discriminatory actions in violation of Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991, the Plaintiff has incurred counsel fees and other costs in pursing her legal rights.

57.    Additionally, the Plaintiff has suffered emotional, psychological and physical distress, inconvenience, loss of reputation, humiliation and embarrassment as a direct result of the Defendants' discriminatory conduct, as described above.

58.    The actions of the Defendants were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

59.    The actions on part of the Defendants are part of a plan, practice or pattern of discrimination which may affect others who are similarly situated to the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a.    that the Court enter a judgment declaring Defendants' actions to be unlawful and violative of the Title VII of the Civil Rights Acts of 1964 and 1991, as amended;

b.    that the Court award the Plaintiff back pay damages and other benefits lost due to Defendants' unlawful conduct plus interest from the date of discrimination;

c.    that the Court award the Plaintiff compensatory and punitive damages as a result of Defendants' violation of the Civil Rights Act of 1991;

d.    that the Court order the Defendants to return the Plaintiff to the position she held before she was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order the Defendants to pay the Plaintiff front pay equivalent to her lost salary, salary raises, fringe benefits and all other rights to which she would have been entitled but for the Defendants' discriminatory conduct;

e.    that the Court award the Plaintiff pre-judgment and post judgment interest from the date of the discrimination;

f.    that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

g.    that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT II:

PLAINTIFF v. DEFENDANTS DIOCESE and CHURCH

SEXUAL HARASSMENT

60.    Plaintiff incorporates by reference Paragraphs 1 through 59 as though fully set forth at length herein.

61.    As described hereinbefore above, Plaintiff has been subjected to a sexually hostile work environment in violation of Title VII of the Civil Rights Act.

62.    Although Plaintiff filed multiple formal complaints, Defendant Diocese, Defendant Church and Defendant Bonnar did not take any remedial action against Defendant Bowers.

63.    As a direct result of the sexually hostile work environment in violation of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991, the Plaintiff has been forced to endure pain, suffering, humiliation, inconvenience, stress, anguish and mental and emotional distress.

64.    Defendants' actions were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

65.     The actions on the part of the Defendants are part of a plan, pattern or practice of sexually harassing and/or discriminating against female employees in the type and manner described above which may affect others similarly situated to the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a.      that the Court enter a judgment declaring Defendants' actions to be unlawful and violative of the Title VII of the Civil Rights Acts of 1964 and 1991, as amended;

b.      that the Court award the Plaintiff back pay damages and other benefits lost due to Defendants' unlawful conduct plus interest from the date of discrimination;

c.      that the Court award the Plaintiff compensatory and punitive damages as a result of Defendants' violation of the Civil Rights Act of 1991;

d.      that the Court order the Defendants to return the Plaintiff to the position she held before she was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order the Defendants to pay the Plaintiff front pay equivalent to her lost salary, salary raises, fringe benefits and all other rights to which she would have been entitled but for the Defendants' discriminatory conduct;

e.      that the Court award the Plaintiff pre-judgment and post judgment interest from the date of the discrimination;

f.      that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

g.      that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

11

COUNT III:

PLAINTIFF v. DEFENDANTS DIOCESE and CHURCH

<u>RETALIATION</u>

66.     Plaintiff incorporates by reference Paragraphs 1 through 65 as though fully set forth at length herein.

67.     As described hereinbefore above, Plaintiff was retaliated against for engaging in a protected activity.  The retaliatory conduct included, but was not limited to, threats of legal action against the Plaintiff for engaging in protected activity.

68.     As a direct result of Defendants' discriminatory and retaliatory actions, and in violation of Title VII, Plaintiff has and/or will incur counsel fees and other costs in pursuing her legal rights.  Plaintiff has also suffered from emotional distress, inconvenience, humiliation, defamation of character and stress.

69.     The actions on the part of the Defendants were intentional and willful and/or done with a reckless disregard of the Plaintiff.

        WHEREFORE, Plaintiff requests the following:

    a.      that the Court enter a judgment declaring Defendants' actions to be unlawful and violative of the Title VII of the Civil Rights Acts of 1964 and 1991, as amended;

    b.      that the Court award the Plaintiff back pay damages and other benefits lost due to Defendants' unlawful conduct plus interest from the date of discrimination;

    c.      that the Court  award the Plaintiff compensatory and punitive damages as a result of Defendants' violation of the Civil Rights Act of 1991;

    d.      that the Court award the Plaintiff pre-judgment and post judgment interest from the date of the discrimination;

    e.      that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

f.      that the Court grant the Plaintiff such additional relief as may be just and
        proper.

COUNT IV:

PLAINTIFF v. ALL DEFENDANTS

PENNSYLVANIA HUMAN RELATIONS ACT

70.     Plaintiff incorporates Paragraphs 1 through 69 as though fully set forth at length herein.

71.     As set forth above, the Defendants have discriminated against the Plaintiff because of her

sex in violation of the Pennsylvania Human Relations Act, 43 Pa C.S.A Section 955(a).

72.     As described hereinbefore above, Plaintiff was subjected to a sexually hostile work

environment.  Such conduct ultimately led to the Plaintiff's injuries and damages, as set forth at

length above.

73.     As a direct result of the Defendants' discriminatory and retaliatory actions and violations

of the PHRA, the Plaintiff has, and/or will, incur counsel fees and other costs in pursing her legal

rights.  The Plaintiff has also suffered from physical and emotional distress, inconvenience,

humiliation, apprehension and stress.

74.     The actions on the part of the Defendants were intentional and willful and/or done with a

reckless disregard of the Plaintiff.

        WHEREFORE, Plaintiff requests the following:

a.      that the Court enter a judgment declaring the Defendants' actions to be
        unlawful and violative the PHRA;

b.      that the Court award the Plaintiff back pay damages and other benefits lost
        due to the Defendants' unlawful conduct plus interest from the date of
        discrimination;

13

c.     that the Court  award the Plaintiff compensatory and punitive damages as a result of the Defendants' actions being unlawful and violative of the PHRA;

d.     that the Court award the Plaintiff pre-judgement and post-judgement interest from the date of the discrimination;

e.     that the Court award the Plaintiff reasonable attorney's fees and costs of this action; and

f.     that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiff*

Law Offices of Joel Sansone
Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated: October 19, 2020